## FORCE v. ST. PAUL FIRE & MARINE INS. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. STIPULATION—VIOLATION OF TERMS.

A stipulation in an action by a common carrier on a fire policy to the effect that the goods damaged were received and held under a written receipt—there being no words of limitation in the stipulation—is not violated by permitting plaintiff to prove that the receipt constituted a part only of the contract under which the goods were received.

2. FIRE INSURANCE—PROOFS OF LOSS.

Where a fire policy indemnifying a carrier against loss of property in its possession, and for which it might be liable, did not require the carrier to explain its liability any further than to give its own interest and the interest of all others in the property, it was complied with by

annexing to the proofs of loss a statement of the names of owners of the goods lost, and the value of the goods, and the damages sustained by each, so far as the same could be stated.

Appeal from trial term, New York county.

Action by Ephraim C. Force against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William D. Murray, for appellant.
Herbert Reeves, for respondent.

McLAUGHLIN, J.   This action was brought upon a policy of fire insurance. The issuance of the policy, the existence of the fire, and the loss sustained were not disputed. The defendant, however, insisted at the trial—and the same contention is made on the appeal—that the plaintiff ought not to recover, because his assignors did not comply with that portion of the policy which required the insured, upon the request of the insurer, to set forth the terms upon which their claim was made, and explain "their liability for the destroyed property," and also that there was no proof that the assignors were in any way liable for the property destroyed, or that they had suffered any loss under the policy. Plaintiff's assignors were common carriers, and the policy was issued to indemnify them, as such, against loss of property in their possession, and for which they might be liable.

It is contended the contract of shipment, as expressed in the receipt delivered in each instance to the shipper, released plaintiff's assignors from liability for any loss by fire, but the proof clearly established, and the trial court found, that the receipt only constituted a part of the contract; that the contract as actually made, obligated the plaintiff's assignors to pay for the property shipped in case of loss or destruction by fire. The object of the plaintiff's assignors in procuring the policy of insurance was, in case of the destruction of goods left with them for shipment, to indemnify them against loss to the amount specified in the policy, and for which they were liable under their contract with the shippers. The defendant, by its policy, agreed to make good this loss to the amount specified therein. The plaintiff's assignors sustained a loss, and have become liable to pay a sum largely in excess of defendant's liability.

We do not think the terms of the stipulation made upon the trial, to the effect that the goods which were damaged by the fire were received and held under a written receipt, were violated by permitting plaintiff to prove that, in connection with the delivery of the receipt, there was also delivered to the shipper the "rate card," so called, and certain printed statements to the effect that, in case the goods were destroyed by fire, plaintiff's assignors would make good the loss. There were no words of limitation in the stipulation, and therefore it was proper to prove that, while the goods were received and held under the receipt, the plaintiff's assignors, in case of destruction, were liable for the loss.

Nor do we think there is any force in the appellant's contention that the plaintiff's assignors did not comply with the terms of the policy by giving an explanation as to their liability as provided therein. The policy did not require the assured to explain their liability any further than to give the interest of the insured and of all others in the property. This they did. Annexed to the proofs of loss which were served appeared the names of owners of the goods lost, and the value of the goods, and the damage sustained by each, so far as the same could be stated, and the damage there appeared to be largely in excess of defendant's liability under its policy; and it was stipulated upon the trial that the value of the goods destroyed was in excess of the amount for which defendant could, in any event, be made liable under its contract.

The judgment is right, and should be affirmed, with costs. All concur.